UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:26-cr-00090-LK |
| Plaintiff, | ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL |
| v. | |
| HAYLEY BROWN et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Hayley Brown's Unopposed Motion to Continue Trial. Dkt. No. 33. Brown and her codefendant Samantha Fleischacker are charged with Conspiracy to Commit Wire Fraud, multiple counts of Wire Fraud, and Aggravated Identity Theft. Dkt. No. 1 at 1–8. Brown is also charged with Unlawful Possession of a Firearm. *Id.* at 8–9. Trial is currently scheduled for August 3, 2026. Dkt. Nos. 11, 27.

Brown seeks a continuance of the trial date to December 14, 2026 with pretrial motions due on November 2, 2026. Dkt. No. 33 at 1. Brown represents that "[t]he government produced the first batch of discovery on June 12, 2026," which includes a "series of database spreadsheets, telephone location and usage records, and video surveillance footage." *Id.* at 2. Brown avers that although

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL - 1

approximately 12,500 pages of discovery have been produced, "the review will entail much material which will be more complex than [the number of pages] would suggest," and "[a]dditional discovery is anticipated." *Id.* Brown also notes that her counsel "is scheduled for surgery on July 8, 2026 and will be unavailable for several weeks." *Id.* Brown argues that the requested continuance is "necessary and appropriate" so that her counsel may have a "sufficient amount of time to substantially prepare for this matter." *Id.* at 3.

Fleischacker filed a notice of joinder to Brown's motion, Dkt. No. 36, and both defendants waived their speedy trial rights through December 28, 2026, Dkt. Nos. 34–35. The Government does not oppose the motion. Dkt. No. 33 at 1.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendants in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Brown, Fleischacker, and their respective counsel the reasonable time necessary for effective preparation, including reviewing recently produced discovery, to receive and review anticipated discovery from the Government, and to prepare for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested by Brown and Fleischacker is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the motion, Dkt. No. 33, and ORDERS that the trial shall be continued to December 14, 2026. Pretrial motions are due no later than November 2, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which trial must commence for both defendants under the Speedy Trial Act. If expert testimony is

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL - 2

anticipated, the parties must propose a date prior to trial (either at or before the pretrial conference) for a Daubert hearing.

Dated this 1st day of July, 2026.

Lauren King
United States District Judge

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL - 3