UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>HAYLEY BROWN et al.,<br><br>Defendants. | CASE NO. 2:26-cr-00090-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL |

This matter comes before the Court on Defendant Hayley Brown's Unopposed Motion to Continue Trial. Dkt. No. 38. Brown and her codefendant Samantha Fleischacker are charged with Conspiracy to Commit Wire Fraud, multiple counts of Wire Fraud, and Aggravated Identity Theft. Dkt. No. 1 at 1–8. Brown is also charged with Unlawful Possession of a Firearm. *Id.* at 8–9. Trial is currently scheduled for December 14, 2026. Dkt. No. 37.

Brown seeks a continuance of the trial date to February 1, 2027 with pretrial motions due on December 21, 2026. Dkt. No. 38 at 1. Brown represents that "[s]he has also been charged in overlapping crimes in two counties in state court," and she seeks a continuance to review a "proposed global resolution" and to ensure she "can be effectively represented in both state and

federal matters." *Id.* at 2–3. Counsel for Brown also declares that she has "received over 10,000 pages of discovery" and is "continuing to review discovery, discuss case strategy, and assess the need for additional investigation with Ms. Brown." Dkt. No. 42 at 1.

Fleischacker does not oppose Brown's motion. Dkt. No. 38 at 1. Brown waived her speedy trial right through February 15, 2027, Dkt. No. 40-1, and Fleischacker waived her speedy trial right through February 22, 2027, Dkt. No. 41. The Government does not oppose the motion. Dkt. No. 38 at 1.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendants in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Brown, Fleischacker, and their respective counsel the reasonable time necessary for effective preparation, including reviewing recently produced discovery, to receive and review anticipated discovery from the Government, and to prepare for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested by Brown and Fleischacker is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the motion, Dkt. No. 38, and ORDERS that the trial shall be continued to February 1, 2027. Pretrial motions are due no later than December 21, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which trial must commence for both defendants under the Speedy Trial Act. If expert testimony is

//

//

anticipated, the parties must propose a date prior to trial (either at or before the pretrial conference) for a Daubert hearing.

Dated this 27th day of October, 2026.

Lauren King
United States District Judge